**Lorraine and Cleland ORTIZ, h/w, Plaintiffs,**

v.

**SAM'S CLUB MEMBERSHIP WAREHOUSE, its agents, servants and/or employees; Wal–Mart Stores, Inc., its agents, servants, and/or employees, John Doe (fictitious name) and its agents, servants and/or employees; Jane Doe (fictitious name) and its agents, servants and/or employees, Defendants.**

Civil Action No.  99–513(WHW).

United States District Court,
D. New Jersey.

March 10, 1999.

Marc D. Weinberg, Silverman, Coopersmith, Hillman & Frimmer, PC, Westmont, NJ, for Defendants.

### OPINION

WALLS, District Judge.

This matter has been opened to the Court on defendant Wal–Mart Stores, Inc.'s ("Wal–Mart") motion for removal from the Superior Court of New Jersey, Middlesex County. Wal–Mart requests removal pursuant to 28 U.S.C. § 1441. Under § 1441(a), " ... any civil action

brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending."

The Court's original jurisdiction in this matter is invoked pursuant to 28 U.S.C. § 1331, which instructs that:

the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

The parties in this matter are citizens of different states—Wal–Mart being a Delaware corporation with its principal place of business in Arkansas and the plaintiff being a New Jersey citizen. The plaintiff's cause of action is based on a slip and fall on the defendants' premises. The complaint includes claims of severe and disabling injuries, pain and suffering, and loss of consortium. The defendants' counsel sent to plaintiffs' counsel a Stipulation Limiting Damages to Avoid Removal of Matter to Federal Court. Plaintiffs' counsel then advised defendants' counsel that he would notify defendants' counsel of his client's decision regarding the stipulation. Defendants' counsel now claims that he has not been contacted by plaintiffs' counsel, has attempted to contact him by mail, and has been unable to reach him by telephone. He argues that the defendant therefore has a "good faith belief that plaintiff's are seeking damages in excess of $75,000 and the jurisdictional requirements of removal are met."

The removing party has the burden to prove that removal is proper. *Compare Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991): *Steel Valley Auth. v. Union Switch and Signal Div., Am. Standard, Inc.,* 809 F.2d 1006, 1011 (3d Cir. 1987), *cert. dis'd sub nom., American Standard, Inc. v. Steel Valley Auth.,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). Doubts about removability are resolved in favor of remanding the case to the state court. *See Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

While there are cases of this variety where the plaintiff might seek, or even recover, more than $75,000, this threshold is not apparent in the present matter. There is nothing in the plaintiff's state court complaint that suggests that they are seeking more than $75,000 in damages. The defendants' belief in such a demand is not based on any affirmative action or statement by the plaintiffs, but rather on the plaintiffs' inaction with regard to a stipulation sent by the defendant. While a plaintiff can reduce a claim voluntarily in order to defeat removal jurisdiction, *see Williams v. World Rio Corp.,* 1995 WL 582002 (Oct. 3, 1995 E.D.Pa.), the plaintiffs' lack of response to the defendants' request that they do so does not create diversity jurisdiction. The Court finds that the defendant has not demonstrated that the present cause of action involves a claim for more than $75,000.

### Conclusion

For the above reasons, the motion to remove is denied, and the case is dismissed for lack of subject matter jurisdiction.