**Pauline LALONDRIZ, on behalf of herself and all other others similarly, situated, Plaintiff,**

v.

**USA NETWORKS, INC., et al., Defendant.**

**No. 99 CIV. 1711(RO).**

United States District Court, S.D. New York.

June 30, 1999.

Rubin & Monahan, Ronald B. Rubin, Weschler Harwood Halebian & Feffer, LLP, Daniella Quitt, New York City, for Plaintiffs.

Orrick Herrington & Suttcliffe, LLP, Barbara Moses, New York City, for Defendants.

*MEMORANDUM AND ORDER*

OWEN, District Judge.

The plaintiff's class action complaint, initially filed in New York State Court, and thereafter removed here, alleges that defendant USA Network, Inc., (hereafter "USA" or "USAi") and its directors are liable to her and the class of current and prospective stockholders in breach of fiduciary duty in that they were advised that USA was getting into TV merchandising in Italy, but not told of the many problems involved which USA knew rendered such a venture highly unlikely.[1] Paragraph 5 of the complaint reads:

> This action is brought as a class action against the directors of USAi on behalf of all persons, as more particularly defined below, who own USAi common stock common [sic] for breach of fiduciary duty, against SBS as an aider and abettor, and against USAi for injunctive relief.

■ Defendants move before me to dismiss on the ground that the action may not be maintained under new securities law provisions entitled the Securities Litigation Uniform Standards Act of 1998, PL 105–353, 112 Stat. 3227 (1998) (SLUSA). Plaintiff by cross-motion seeks a remand to State Court.

■ I conclude that this action does not become assailable under SLUSA, which bars class actions based on state law which allege misrepresentations or omissions *"in connection with the purchase or sale of a covered security,"* 15 U.S.C. § 78bb(f)(1), because the pleader of the complaint used language "acquired their [sic] or continue to hold their securities" in the second cause of action at paragraph 62 on page 16, for this does not change the clearly pleaded allegation of "breach of fiduciary duty" alleged in paragraph 5 of the complaint. Rather, the claim is preserved under the Securities Exchange Act of 1934,

---

1. It appears that the venture would indeed be unsuccessful in view of a recent Italian government agency ruling that USA's joint venture partner here could not assume ownership or control of an Italian radio station.

§ 78bb(f)(3)(A)(I), as amended by SLUSA, as it is based on the common law of the state of Delaware. Instructive here is *Zirn v. VLI Corp.*, 681 A.2d 1050 (Del. 1996) where the court defined what it had before it as a state cause of action in language applicable here.[2]

> [D]irectors of Delaware corporations are under a fiduciary duty to disclose fully and fairly all material information within the board's control when it seeks shareholder action.... In addition ... directors are under a fiduciary obligation to avoid misleading partial disclosures.

*Id.* at 1056. In further support, *Malone v. Brincat*, 722 A.2d 5 (Del.1998), the court stated in confirmatory language applicable here:

> The historic roles played by state and federal law in regulating corporate disclosures have been not only compatible but complementary. That symbiotic relationship has been perpetuated by the recently enacted federal Securities Litigation Uniform Standards Act of 1998. Although that statute by its terms does not apply to this case, the new statute will require securities class actions involving the purchase or sale of nationally traded securities, based upon false or misleading statements, to be brought exclusively in federal court under federal law. The 1998 Act, however, contains two important exceptions: ... the second *preserves the availability of state court class actions, where state law already provides that corporate directors have fiduciary disclosure obligations to shareholders.* These exceptions have

become known as the "Delaware carve-outs." (Footnotes omitted.) (Italics supplied.)

*Id.* at 13. Accordingly, this case being based under Delaware common law may be maintained in the New York State courts by a private party under § 78bb(f)(3)(A)(i), and this court is required to and does hereby remand it to the State Court pursuant to (§ 78bb(f)(3)(D)).

So ordered.

---

**2.** I note that the disclosures at issue in *Zirn* similarly involved disclosure of advice of counsel with regard to the likelihood of success of a business venture:

> We hold that it is materially misleading to advise stockholders in a tender offer transaction of part, but only part, of the advice of the company's patent counsel as to the patent status of the company's most valuable asset.
>
> * * * * * *
>
> When VLI undertook to explain the risk that the patent might not be reinstated, it

assumed a duty to disclose the correlative likelihood that the patent would be restored, so as to avoid painting an overly bleak picture of the situation with which VLI was faced.

*Zirn v. VLI Corp.*, 681 A.2d 1050, 1053 (Del. 1996).