Pauline LALONDRIZ, on behalf of herself and all other others similarly, situated, Plaintiff,

v.

USA NETWORKS, INC., et al., Defendant.

No. 99 Civ. 1711.

United States District Court, S.D. New York.

Sept. 24, 1999.

Rubin & Monahan, Chartered, Ronald B. Rubin, Weschler, Harwood, Halebian & Feffer, LLP, Daniella Quitt, New York City, for plaintiffs.

Orrick, Herrington & Sutcliffe, LLP, Barbara Moses, New York City, for defendants.

Willkie, Farr & Gallagher, Elizabeth S. Strong, for Amicus Curie Securities Industry Association.

*MEMORANDUM AND ORDER*

OWEN, District Judge.

Plaintiff, asserting a class, commenced this action on behalf of holders of USA Networks' stock in New York State court, alleging that a certain press release of USA constituted a breach of fiduciary duty under Delaware law. Defendants removed to federal court, arguing that this was under federal law a) a "covered security", b) the claim actually alleges a misrepresentation with regard to the purchase or sale of securities, and c) therefore federal securities legislation bars any cause of action based on a claimed violation of state law, including this one. On June 30, 1999 I issued a Memorandum and Order remanding the matter to the state court, familiarity with which is presumed here.

Defendants and *amicus curie* representing more than 720 securities firm move for reconsideration.

■ Federal courts do not have jurisdiction to review orders remanding a case to state court that are based on a) subject matter jurisdiction or b) improper removal. 28 U.S.C. 1447(d). This means not only that there is no appellate review of such a remand order but also that a district court may not review it on a motion for reconsideration. *Seedman v. United States District Court for the Central District of Cal.,* 837 F.2d 413, 414 (9th Cir. 1988). It makes no difference that the District Court may be wrong in its conclusions. *State of Ohio v. Wright,* 992 F.2d 616, 617 (6th Cir.1993).

However, Section 1447(d) is not a blanket rule. Only remand orders issued under § 1447(c) and invoking the grounds specified therein—a lack of subject matter jurisdiction or a defect in removal procedure—are immune from review. Some courts have interpreted this very narrowly. In an example of a court limiting the application of § 1447(d), the 5th Circuit reviewed a remand based on the federal worker's compensation laws. There, the federal statute, 28 U.S.C. § 1445(c), provided that "a civil action in any state court arising under the workmen's compensation laws of any such state *may not be removed* to any district court of the United States" (emphasis added). The court ruled that this remand was under the workers compensation statute and not under § 1447(c), and therefore was reviewable. *In re Excel Corp.,* 106 F.3d 1197, 1200 (5th Cir.1997).

■ In any event, I conclude that because my remand order was based on an assessment of the applicability of the federal securities law, and not § 1447(c), reconsideration is not barred. *See, id.* at 1200.

■ Upon such reconsideration, however, I reach the same result for reasons stated in the earlier opinion. That is that

... this action does not become assailable under SLUSA, which bars class actions based on state law which allege misrepresentations or omissions *"in connection with the purchase or sale of a covered security,"* 15 U.S.C. 78bb(f)(1), because the pleader of the complaint used language "acquired their [sic] or continue to hold their securities" in the second cause of action at paragraph 62 on page 16, for this does not change the clearly pleaded allegation of "breach of fiduciary duty" alleged in paragraph 5 of the complaint.

Since plaintiffs' claim does not allege that misrepresentations were made "in connection with the purchase or sale of a security", 15 U.S.C. § 78bb(f)(1), it does not fall within the prohibition of the federal statute. In the interest of completion, I might observe that given the above, one does not reach the exceptions, noting that even there a purchase or sale is required for applicability.

Finally, defendant and particularly *amicus* being concerned with arguable misapplication of my prior opinion hereafter, I observe that it was not intended to define plaintiff's cause of action as within or without the "Delaware carve-out", nor did I rule on the merits of any of the plaintiffs' state law claims, that being for the state courts hereafter. Nothing stated here or earlier should be construed otherwise. The remand stands.

So ordered.