**Howard T. ALLEN, et al.  Plaintiffs,**

**v.**

**George E. PATAKI, et al.  Defendants.**

No. 02 Civ. 3239.

United States District Court,
S.D. New York.

May 2, 2002.

Order Denying Reconsideration
May 8, 2002.

Traci L. Lovitt, Jones, Day, Reavis & Pogue, Gregg M. Mashberg, John R. Braatz, Proskauer Rose, L.L.P., New York City, for defendant.

### ORDER

BERMAN, District Judge.

Upon the complaint filed on or about January 25, 2002 in New York State Supreme Court, New York County, *Allen, et al. v. Pataki, et al.*, No. 02–101712 (Cahn, J.) (the *"Allen"* case); the Amended Complaint filed April 25, 2002; Defendant Senator Joseph L. Bruno's Notice of Removal dated April 29, 2002; Plaintiffs' motion to remand in opposition to the Notice of Removal, pursuant to 28 U.S.C. §§ 1441, 1446(b) & 1447(c), dated April 30, 2002; Defendant Bruno's opposition to Plaintiffs' motion to remand dated May 1, 2002, written submissions herein including, without limitation, Consent to Removal of Speaker of the Assembly Sheldon Silver (April 29, 2002), Consent to Removal of Commissioners of the New York State Board of Elections (April 29, 2002), Objection to Removal and Request for Remand (April 30, 2002), Ira J. Lipton's letter to the Court (May 1, 2002), C. Daniel Chill's letter to the Court (May 1, 2002), and the prior proceedings herein, **Plaintiffs' motion to remand is hereby granted.**

█ The *Allen* case is hereby remanded forthwith and in its entirety to the State court for the reason, among others, that not all (non-nominal) Defendants have consented to removal of the case. *See Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 393, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (Kennedy, J., concurring) ("Removal requires the consent of all of the defendants,"); *see also Puerto Rican Legal Defense and Education Fund, Inc. v. Gantt*, 796 F.Supp. 681, 684 (E.D.N.Y.1992).

Sheldon Silver, the Speaker of the Assembly and a non-nominal Defendant, consented to removal "only with respect to the claims and aspect of the removed action challenging the recently enacted State Senate plan" and did not "consent to removal of those claims and aspects of the removed action concerning the Congressional impasse case or the Assembly plan." Consent of Speaker of the Assembly Silver (April 29, 2002) at 2. Similarly, the Commissioners of the New York State Board of Elections at most only consented to removal of the portions of the removed action challenging the Senate plan. *See* Consent of the Commissioners of the New York State Board of Election (April 29, 2002) at 2. Two Commissioners appear to have opposed removal. *See* Objection to Removal and Request for Remand (April 30, 2002) at 2. Because the federal removal statute does not permit piecemeal removal but instead requires that an entire case be removed to the district court which then has discretion to remand certain portions of the case, 28 U.S.C. § 1441(c), these consents are not adequate to permit removal.

## Order

Because not all non-nominal Defendants have consented to removal of the entire action, removal is improper. The entire action, *Allen, et al. v. Pataki, et al.,* 02 Civ. 3239, is remanded to the New York State Supreme Court, New York County. The Clerk is respectfully directed to close this case on the docket of this Court.

### ORDER on motion for reconsideration

By Order dated May 2, 2002 ("May 2, 2002 Order"), the Court remanded the action entitled *Allen, et al. v. Pataki, et al.,* 02 Civ. 3239 (the "*Allen* case"), to the New York State Supreme Court, New York County, where it had initially been filed on or about January 25, 2002. *Allen, et al. v.* *Pataki, et al.,* No. 02–101712 (Cahn, J.). The May 2, 2002 Order was issued in response to Plaintiffs' motion to remand, dated April 30, 2002, in opposition to the Notice of Removal, pursuant to 28 U.S.C. §§ 1441, 1446(b) & 1447(c), dated April 29, 2002. The Court remanded the *Allen* case because, among other reasons, not all non-nominal Defendants had consented to removal of the entire action.

By letter application dated May 7, 2002, Defendant Senator Joseph L. Bruno seeks reconsideration of the May 2, 2002 Order. "Senator Bruno's motion for reconsideration will request that the May 2, 2002 Order be reconsidered by the full three-Judge Court." *See* John R. Braatz letter to the Court (May 7, 2002) at 1. Reconsideration is opposed by counsel for Plaintiffs in a letter dated May 7, 2002. "Defendant Bruno's motion should be summarily denied." *See* Matthew D. Brinckerhoff letter to the Court (May 7, 2002) ("Brinckerhoff Letter") at 1. Upon these submissions, and all prior proceedings herein, including the May 2, 2002 Order and all written submissions referenced therein, Senator Bruno's application for reconsideration of remand of the *Allen* case is **denied** for the following reasons, among others:

■ (i) There is no new legal or factual information referenced in the reconsideration application that was not previously presented to the Court, and the Court has neither overlooked controlling decisions nor factual matters that were before it on the underlying motion. *See Wiesner v. 321 West 16th St. Assoc.,* 00 Civ. 1423(RWS), 2000 WL 1585680, at *2–3 (S.D.N.Y. Oct. 25, 2000); *see also* Southern District of New York Local Civil Rule 6.3; *Lalondriz v. USA Networks, Inc.,* 68 F.Supp.2d 285 (S.D.N.Y.1999). As Plaintiffs in the *Allen* case contend, "[D]efendant Bruno plainly 'seeks solely to relitigate an issue already decided.'" *See* Brinckerhoff Letter at 1 (quoting *Shrader*

*v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir.1995));

(ii) No application was made by any party to the *Allen* case either to consolidate the *Allen* case with *Rodriguez et al. v. Pataki et al.*, 02 Civ. 618 (the "*Rodriguez* case"), or to request that a three-judge panel be convened to hear the *Allen* case as had been made in the *Rodriguez* case by letter request from Gregory C. Soumas, Esq., dated March 14, 2002. *See* 28 U.S.C. § 2284(b). The *Allen* case was and remains a single-judge case in New York State Supreme Court;

(iii) Notwithstanding the foregoing, this Court circulated both the initial application of Plaintiffs for remand (and all supporting and opposing papers), and Senator Bruno's present application for reconsideration and the submission in opposition thereto, to the three-judge panel members convened in the *Rodriguez* case, and both Chief Judge John M. Walker, Jr. and Judge John G. Koeltl concur in the May 2, 2002 Order and this Order as well.

**Order**

For the foregoing reasons, Defendants' application for reconsideration is denied.