**Jerry H. LASLEY, et al., Plaintiffs,**

**v.**

**NEW ENGLAND VARIABLE LIFE INSURANCE COMPANY, et al., Defendants.**

**No. C 99–0995 MMC.**

United States District Court,
N.D. California.

May 3, 1999.

Lingel H. Winters, San Francisco, CA, for Plaintiffs.

James H. Fleming, C. Mark Humbert, Edward Romero, Fleming & Phillips, Walnut Creek, CA, for Defendants.

**ORDER FINDING GOOD CAUSE; DENYING PLAINTIFFS' MOTION TO REMAND; GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING MAY 7, 1999 HEARING**

CHESNEY, District Judge.

## I. INTRODUCTION

Before the Court are defendants' motion to dismiss, plaintiffs' motion to remand, and the Court's order to show cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction. The motion to remand came on regularly for hearing on April 30, 1999, Lingel H. Winters appearing for plaintiffs and James H. Fleming and C. Mark Humbert of Fleming & Phillips LLP appearing for defendants.

The Court, having considered the papers submitted in support of and in opposition to the respective motions and the responses to the OSC, as well as the arguments presented by counsel at the April 30, 1999 hearing, vacates the hearing set for May 7, 1999 on defendants' motion to dismiss, and rules as follows:

## II. BACKGROUND

On February 2, 1999, plaintiffs filed a class action complaint in state court alleging violations of the California Consumers Legal Remedies Act, Fraud and Deceit, Negligent Misrepresentation, Unfair Competition, Negligence, Breach of Contract, Interference with Prospective Economic Damage, and Breach of Covenant of Good Faith and Fair Dealing arising out of defendants' marketing of life insurance products represented as retirement annuities.

On March 3, 1999, defendants removed the action to federal court. On March 11, 1999, defendants filed a motion to dismiss, noticed for hearing on May 7, 1999. On March 16, 1999, this Court issued an OSC ordering defendants to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. On March 31, 1999, plaintiffs filed a motion to remand the case, noticed for hearing on April 30, 1999. On April 9, 1999, defendants responded to the OSC and filed an opposition to the motion to remand. Plaintiffs filed a timely response to the OSC and a late reply in support of their motion to remand. Plaintiffs did not file an opposition to defendants' motion to dismiss.

## III. DISCUSSION

On November 3, 1998, Congress enacted the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") which,

among other things, amends section 22(a) of the Securities Act of 1933, codified at 15 U.S.C. § 77v(a), to preempt class actions based on state statutory or common law which involve a covered security. Pub.L. 105–353, 112 Stat. 3227. Section 77v(a) now states, in pertinent part:

> The district courts of the United States and United States courts of any Territory, shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.... Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a).

SLUSA also amended section 16 of the Securities Act of 1933, codified at 15 U.S.C. § 77p, to state, in pertinent part:

> (b) Class action limitations
>
> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
>> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>>
>> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
>
> (c) Removal of covered class actions
>
> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p. The term covered class action is defined as:

> (i) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
>
> (ii) any recommendation, position, or other communication with respect to the sale of securities of the issuer that—
>
>> (I) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>>
>> (II) concerns decisions of those equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 77p(d)(B).

 Defendants argue that plaintiffs' eight state law causes of action are preempted by SLUSA because (1) this action is an alleged class action brought on behalf of more than 50 persons and is based on the statutory or common law of California, (2) this action alleges that untrue statements or omissions of material fact were made in connection with the purchase of a variable life insurance policy and asserts that deceptive or manipulative practices were used or employed in connection with such purchase, and (3) this action arises out of variable life insurance policies which are a covered security under SLUSA.

Plaintiffs respond that the complaint is not preempted because all claims relate solely to ordinary life insurance policies, have no relation to variable life insurance policies, and therefore, the action does not involve a covered security. While it is undisputed that ordinary life insurance policies are not covered securities under SLUSA, plaintiffs' complaint as it is now pleaded does not solely relate to ordinary policies. The complaint also involves variable policies as demonstrated by the inclu-

sion of "variable life insurance" in the complaint's definition of "life insurance products" (Complaint ¶ 17) and the letter plaintiffs' attorney sent to defendants indicating that the injury plaintiff Jerry H. Lasley suffered resulted from charges associated with his variable policy. (See Logue Decl., Ex. A).[1] Thus, the Court finds that the action involves a covered security.

■ Plaintiffs argue, in the alternative, that even if the Court reads all eight claims to also involve variable policies, such policies comprise only a part of the complaint and, therefore, the doctrine of partial preemption or defensive preemption governs the instant case. As defensive preemption does not allow for removal of preempted state claims, Lasley argues that none of the claims contained in his complaint are removable. Whether only a part of the complaint is preempted, however, has no bearing on whether defensive preemption applies. Defensive preemption, as Lasley correctly states in his papers, applies when a federal statute bars certain state law claims, but does not allow for removal of such claims. (See Lasley's Reply to Motion to Remand, 7:16–20.) Here, the express language of SLUSA provides for removal. See 15 U.S.C. § 77p (securities class actions based on state law "shall be removable"). Thus, defensive preemption has no application to the instant case.

## IV. CONCLUSION

The Court finds that all eight claims contained in plaintiffs' complaint are preempted as a matter of law pursuant to 11 U.S.C. § 77p(c). Accordingly, defendants have shown cause why this case should not be remanded to state court. For the same reason, plaintiffs motion to remand is hereby DENIED.

Defendants are also correct that plaintiffs' eight state law causes of action are barred as a matter of law pursuant to 11

U.S.C. § 77p(b). Accordingly, defendants' motion to dismiss is hereby GRANTED. Plaintiff shall have until June 4, 1999 to file an amended complaint.

**IT IS SO ORDERED.**

---

1. Plaintiffs objects to Exhibit A to the Logue declaration on the grounds of hearsay and lack of foundation. The letter, however, qualifies for the party admission hearsay exception, and Logue's declaration that she is the custodian of records lays a sufficient foundation. Accordingly, the Court hereby overrules plaintiffs' objections.