**Daniel ARAUJO, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**JOHN HANCOCK LIFE INSURANCE COMPANY, Defendant.**

No. 01CV6622(ADS).

United States District Court, E.D. New York.

June 26, 2002.

Goodkind Labaton Rudoff & Sucharow LLP, Joel H. Bernstein, Esq. and Christopher J. Keller, Esq., Of Counsel, New York, NY, Zwerling Schachter & Zwerling, LLP, Robert S. Schachter, Esq., Of Counsel, Westbury, NY, for the Plaintiff.

Hale And Dorr LLP, Nicholas A. Marsh, Esq., Of Counsel, New York, NY, for the Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff Daniel Araujo ("Araujo" or the "plaintiff"), on behalf of himself and all

other similarly situated individuals, alleges that the defendant John Hancock Life Insurance Company ("John Hancock" or the "defendant") engaged in a scheme to charge its policyholders life insurance premiums for a period of time when no coverage existed. The plaintiff originally commenced this action in the Supreme Court of the State of New York, Suffolk County. The defendant later removed the action to this Court pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p, and 28 U.S.C. §§ 1331 and 1441(b). The defendant now moves to dismiss the complaint pursuant to the provisions of SLUSA, while the plaintiff cross-moves to file an amended complaint and to remand the action to state court for lack of subject matter jurisdiction.

## I. BACKGROUND

The following facts are taken from the complaint. The plaintiff is the owner of a variable universal life insurance policy with the defendant. A variable universal life insurance policy permits a policyholder to invest premiums in a separate account containing mutual funds which grows or declines depending on the performance of the funds. *See* Joan E. Boros & W. Randolph Thompson, *A Vocabulary of Variable Insurance Products*, 813 PLI/Comm 11, 35–36 (2001). The policyholder receives an account value and a death benefit. *See* John Hancock, Medallion Variable Life Insurance, *available at* http://www. jhancock.com/products/insurance/medallio-info. htm (June 18, 2002). Before death, the policyholder can access her or his account by taking out a loan or making a withdrawal. *See id. See also* Boros & Thompson, *supra*, at 38–39 (explaining the various ways that a policyholder can access her or his account in a variable universal life insurance policy).

On January 27, 2001, the plaintiff completed an application for a variable universal life insurance policy with the defendant. In his application, the plaintiff selected a policy with a death benefit face value of $1,500,000. Also, the plaintiff elected to invest his premiums in a sub-account consisting of mutual funds which contain mid cap and large cap stocks. In addition, the plaintiff chose to pay a monthly premium of $3,000.

On March 15, 2001, the defendant issued a variable universal life insurance policy for the plaintiff. The plaintiff received the policy on March 28, 2001, thirteen days later. The plaintiff alleges that under the terms of the policy his insurance coverage did not go into effect until after he received the policy and paid the minimum initial premium payment. The plaintiff claims that he paid a first year annual insurance premium of $18,000 for a policy period beginning on March 15, 2001, the date the policy was issued. However, the plaintiff alleges that he did not receive the entire year's worth of coverage for which he paid. Instead, the plaintiff claims that the defendant received thirteen days worth of premiums for a "risk-free" period. Finally, the plaintiff alleges that this deceptive practice, namely charging premiums to policyholders when there is no coverage, was standard procedure for the defendant with regard to the life insurance policies that it sold.

On September 5, 2001, the plaintiff commenced a class action against the defendant in the Supreme Court of the State of New York, Suffolk County seeking to recover the value of the premiums collected by the defendant during the "risk-free" period. In the complaint, the plaintiff asserts claims under the New York common law for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment and the New York

Consumer Protection from Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349 (McKinney 1988).

On October 5, 2001, the defendant removed the case to this Court pursuant to SLUSA and 28 U.S.C. §§ 1331 and 1441(b). The defendant now moves to dismiss the complaint under the provisions of SLUSA. The plaintiff cross-moves to file an amended complaint and to remand this action to state court for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. The Standard of Review

▮▮▮▮ Rule 12(b)(1) of the Federal Rules of Civil Procedure provides the applicable standard of review for the motions to dismiss and remand because each concerns the subject matter jurisdiction of the Court. With regard to a motion under Rule 12(b)(1), the Court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir. 1976). Further, under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in affidavits may not be considered. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). Each party may submit affidavits and other material in support of their respective positions. The Court will consider such material to the extent they are relevant to the issue of jurisdiction.

### B. The Securities Litigation Uniform Standards Act of 1998

In 1998, Congress passed SLUSA to close a loophole in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107–08 (2d Cir.2001). PSLRA imposed, among other things, heightened pleading standards and a mandatory stay of discovery for class actions alleging fraud in the sale of securities. *Id.* at 107. The purpose of PSLRA was to prevent meritless class actions alleging securities fraud by creating uniform standards for such actions. *Id.*

According to House and Senate findings, Congress determined that class action plaintiffs were avoiding PSLRA's heightened requirements by filing class actions in state court under more lenient state statutory or common law theories. *Id.* at 107–08. To close this alternative, SLUSA mandates that federal courts be "the exclusive venue for class actions alleging fraud in the sale of certain covered securities ... [and that] such class actions be governed exclusively by federal law." *Id.* at 108.

SLUSA directs the removal and dismissal of class actions brought under state law alleging misrepresentation in connection with the purchase or sale of a covered security. In particular, SLUSA provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contri-

vance in connection with the purchase or sale of a covered security. 15 U.S.C. § 77p(b). SLUSA also directs the removal of such actions from state court to federal court. 15 U.S.C. § 77p(c).

### 1. The Application of SLUSA to the Complaint

To dismiss an action under SLUSA, the defendant must show that: (1) the action is a "covered class action" under SLUSA; (2) the action purports to be based on state law; (3) the action involves a "covered security" under SLUSA; (4) the defendant misrepresented or omitted a material fact or employed a deceptive devise; (5) "in connection" with the purchase or sale of such security. *See* 15 U.S.C. § 77p(b). The Court will analyze each element separately.

### a. A "Covered Class Action"

A "covered class action" includes a lawsuit in which

> [O]ne or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members....

15 U.S.C. § 77p(f)(2)(A)(i)(II). The first element is met because the plaintiff seeks damages on behalf of himself and other similarly situated individuals and alleges that common questions of law and fact exist with respect to all members of the proposed class.

### b. State Law

The complaint asserts claims under the New York common law for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment and the New York Consumer Protection from Deceptive Acts and Practices Act. As such, the second element is satisfied because the complaint purports to be based on state law.

### c. A "Covered Security"

■ A "covered security" is defined as "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 77r(b) of this title, at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred...." 15 U.S.C. § 77p(f)(3). Section 77r(b)(2) provides that a "security is a covered security if [it] is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. § 77r(b)(2). The Second Circuit recently stated that a variable insurance product is a "covered security" under SLUSA when: (1) it is a "security"; and (2) the separate accounts used for marketing the product are registered with the Securities and Exchange Commission ("SEC") under the Investment Company Act of 1940. *See Lander*, 251 F.3d at 109.

First, the plaintiff's variable universal life insurance policy is a "security" because it invests in mutual funds which are regulated by the SEC. *See SEC v. Variable Annuity Life Ins. Co. of America*, 359 U.S. 65, 70–72, 79 S.Ct. 618, 621–22, 3 L.Ed.2d 640 (1959) (holding that a variable annuity is properly classified as a "security"); *Lander*, 251 F.3d at 109 (same). *See also* Boros & Thompson, *supra*, at 35–36 (stating that the SEC regulates variable universal life insurance policies).

Second, the plaintiff invested his premiums in a sub-account which is registered with the SEC under the Investment Company Act of 1940. *See Araujo v. John Hancock Life Ins. Co.*, No. 01–6622, Notice

of Removal ¶ 4. As such, the plaintiff's variable universal life insurance policy is a "covered security" under SLUSA. *See Lander*, 251 F.3d at 109 (holding that variable annuities are "covered securities" under SLUSA because they are "securities" and the sub-accounts are registered with the SEC under the Investment Company Act).

Furthermore, courts have regularly concluded that variable life insurance policies are "covered securities" under SLUSA. *See In re Lutheran Brotherhood Variable Ins. Products Co. Sales Practices Litig.*, 105 F.Supp.2d 1037, 1040–41 (D.Minn. 2000) (holding that variable insurance policies are "covered securities" under SLUSA); *Lasley v. New England Variable Life Ins. Co.*, 126 F.Supp.2d 1236, 1238–39 (N.D.Cal.1999) (same). Finally, the plaintiff concedes that his policy is a "covered security" under SLUSA.

Accordingly, the third element is met.

### d. A Misrepresentation or Omission of a Material Fact

▮ The element of a misrepresentation or omission of a material fact is satisfied when " 'a plaintiff alleges a misrepresentation "concerning the value of the securities ... sold or the consideration received in return." ' " *Korsinsky v. Salomon Smith Barney Inc.*, No. 01 CIV. 6085(SWK), 2002 WL 27775, at *4 (S.D.N.Y. Jan.10, 2002) (quoting *Spielman v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 01 CIV. 3013(DLC), 2001 WL 1182927, * 3 (S.D.N.Y. Oct.9, 2001)) (quoting *Saxe v. E.F. Hutton & Co., Inc.*, 789 F.2d 105, 108 (2d Cir.1986)).

▮ The complaint alleges that the defendant designed and implemented a scheme to deny policyholders the benefit of their bargain by charging insurance premiums for a period of time when no coverage existed. This alleged charging practice by the defendant concerns the value of the variable life insurance policy because the policyholder received less than a year's worth of coverage during the first policy year. As such, the complaint alleges a misrepresentation concerning the value of the policy and the consideration that the plaintiff received in return for his premium payments.

Accordingly, the fourth element is met.

### e. "In Connection With" the Purchase or Sale of the Security

SLUSA does not define the phrase "in connection with" the purchase or sale of a covered security. However, courts refer to Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)") to determine whether a misrepresentation or omission is "in connection with the purchase or sale" of a covered security under SLUSA. *Korsinsky*, 2002 WL 27775, at *4–5; *Hardy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 189 F.Supp.2d 14, 18 (S.D.N.Y.2001); *Spielman*, 2001 WL 1182927, at *2. Courts look to Section 10(b) because the phrase "in connection with" the purchase or sale of a security tracks the language in Section 10(b). *Hardy*, 189 F.Supp.2d at 18; *Spielman*, 2001 WL 1182927, at *2.

Section 10(b) provides that the fraud prohibited under the statute must be "in connection with" the sale of a security. *See Brunjes v. Hoyt (In re Carter–Wallace, Inc. Sec. Litig.)*, 150 F.3d 153, 156 (2d Cir.1998); *Steiner v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores Inc. Stock Litig.)*, 991 F.2d 953, 961–62 (2d Cir.1993). The "in connection with" element "must be read flexibly, not technically and restrictively" in order for Section 10(b) to cover typical and novel forms of fraud. *Steiner*, 991 F.2d at 964 (internal quotation marks omitted).

To satisfy the "in connection with" element, a party must show that "a security buyer or seller suffer[ed] an injury as a result of deceptive practices 'touching' its purchase or sale of securities." *Id.* The Supreme Court recently reaffirmed the broad reading of the language "in connection with" under Section 10(b). *See SEC v. Zandford,* —— U.S. ——, 122 S.Ct. 1899, 1904, —— L.Ed.2d —— (2002) ("It is enough that the scheme to defraud and the sale of securities coincide.").

■ In general, the "in connection with" element is met "when the fraud alleged is that the plaintiff bought or sold a security in reliance on misrepresentations as to its value...." *Steiner,* 991 F.2d at 967; *see also Saxe v. E.F. Hutton & Co., Inc.,* 789 F.2d 105, 108 (2d Cir.1986) (stating that the element of "in connection with" is met when a plaintiff alleges a misrepresentation "concerning the value of the securities ... sold or the consideration ... received in return."); *Chem. Bank v. Arthur Andersen & Co.,* 726 F.2d 930, 943 (2d Cir. 1984) (stating that the purpose of Section 10(b) is "to protect persons who are deceived in securities transactions—to make sure that buyers of securities get what they think they are getting....").

Courts have routinely found that the "in connection with" element was satisfied when a plaintiff alleges that she or he purchased a security after relying on a misrepresentation as to its value. *See Lander v. Hartford Life & Annuity Ins. Co.,* 251 F.3d 101, 106–11 (2d Cir.2001) (finding that the alleged misrepresentations as to the value of the variable annuities were "in connection with" the security); *Korsinsky,* 2002 WL 27775, at *5 (finding that the alleged misrepresentations as to the value of a stock were "in connection with" the stock); *Hardy,* 189 F.Supp.2d at 18 (same).

In contrast, courts have found that the "in connection with" element was not met when the plaintiff did not allege that the fraud concerned the value of the security or the consideration received in return. *See Anatian v. Coutts Bank (Switzerland) Ltd.,* 193 F.3d 85, 88 (2d Cir.1999) (finding that the alleged misrepresentations as to the authority to extend credit did not concern the value of a security or the consideration received); *Spielman,* 2001 WL 1182927, at *5 (holding that the alleged misrepresentations concerning the transaction fees charged by a broker did not concern the value of a security or the consideration received); *Laub v. Faessel,* 981 F.Supp. 870, 871 (S.D.N.Y.1997) (stating that the alleged misrepresentations regarding an investment advisor's credentials did not relate to the intrinsic value of the purchased security).

The Court finds that the alleged scheme to charge policyholders premiums during "risk-free" periods goes to the value of the variable life insurance policy. In essence, the complaint alleges that the policyholders did not get what they thought they were getting, namely a full year of coverage. As such, the alleged charging practice was "in connection with" the sale of the policy.

Accordingly, the fifth element is met.

Because all of the elements under SLUSA are satisfied, the motion to dismiss the complaint is granted.

### C. The Amended Complaint

■ Rule 15 of the Federal Rules of Civil Procedure provides in pertinent part that "[a] party may amend ... [her or his] pleading once as a matter of course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a). A motion to dismiss is not a responsive pleading. *Thompson v. Carter,* 284 F.3d 411, 416 n. 2 (2d Cir.2002) (stating that a motion to

dismiss is not a responsive pleading); *Barbara v. New York Stock Exch., Inc.,* 99 F.3d 49, 56 (2d Cir.1996) (same).

The plaintiff commenced this action in state court on September 5, 2001. Within thirty days, the defendant removed the action to this Court and shortly thereafter moved to dismiss the action. The defendant has not served an answer or other responsive pleading. Because the defendant has not served a responsive pleading, the plaintiff may amend his pleading as a matter of course. *See* Fed.R.Civ.P. 15(a); *see also Ross v. Warner,* 80 F.R.D. 88, 91 (S.D.N.Y.1978) ("No justification was given or required for the expansion of the class, since that amendment was made as a matter of course before a responsive pleading was served.").

The defendant argues that court approval of the proposed amended complaint is required under Rule 23(e) of the Federal Rules of Civil Procedure because it compromises the interests of the class by removing the defendant's subsidiaries and affiliates from the action. In particular, the defendant contends that by eliminating the defendant's subsidiaries and affiliates from the action, the plaintiff narrows the class because it excludes the owners who have life insurance policies with its subsidiary, John Hancock Variable Life Insurance Company ("JHVLIC"). The Court disagrees.

In this case, the plaintiff purchased a variable universal life insurance policy from the defendant, not JHVLIC. Neither JHVLIC nor any other company is a party to the within action. In addition, the complaint and the proposed amended complaint allege that the proposed class consists of current and former owners of the defendant's life insurance policies who were charged premiums for a "risk-free" period. Neither the owners of life insurance policies with JHVLIC nor any other

subsidiary of the defendant are included in the class. As such, the Court finds that the proposed amended complaint does not narrow the class. Accordingly, court approval under Rule 23(e) is not required.

The motion to file the proposed amended complaint is therefore granted and is deemed filed.

## D. The Remand of the Action to State Court

SLUSA provides that "[i]n an action that has been removed from a State court pursuant to subsection (c), if the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court." 15 U.S.C. § 77p(d)(4). The Court has found that the defendant properly removed the action under SLUSA. *See supra* Part II.B. In addition, the Court has permitted the plaintiff to file his proposed amended complaint. *See supra* Part II.C. As such, the Court must remand this action to state court, if SLUSA does not apply to the amended complaint. *See supra* Part II. B.1 for the elements under SLUSA.

The plaintiff argues that SLUSA does not apply to the amended complaint because it alleges only claims for breach of contract and unjust enrichment. In particular, the amended complaint purportedly excises the allegations that the defendant engaged in fraudulent conduct. The plaintiff argues that he may avoid SLUSA by omitting the allegations of fraud in the amended complaint. The Court disagrees.

A plaintiff may not plead what are in essence securities fraud claims even though they are framed as state law claims. *See Korsinsky,* 2002 WL 27775, at *4 ("Although the complaint clearly states that '[t]his is not an action for fraud,' it outlines several instances of alleged mis-

representations made by ... [the defendants]."); *Prager v. Knight/Trimark Group, Inc.,* 124 F.Supp.2d 229, 235 (D.N.J.2000) (stating that the Court looks to the substance of the claims "not the particular semblance in which [they are] cloaked.") (internal quotation marks omitted); *Simon v. Internet Wire, Inc.,* No. CV0013195CBM(RNBX), 2001 WL 688542, at *3 (C.D.Cal. Apr.3, 2001) (same).

Regardless of how the plaintiff dresses his claims, the crux of the amended complaint is that the defendant engaged in a scheme to charge policyholders premiums under variable life insurance policies during "risk-free" periods. This action is not a simple claim for breach of contract or unjust enrichment as the plaintiff now alleges. But rather, this is an action involving a variable life insurance policy, which is a "covered security" under SLUSA. *See supra* Part II.B.1.c. In addition, the charging practice is an alleged misrepresentation of a material fact because it concerns the value of the policy. *See supra* Part II.B.1.d. Finally, because the charging practice goes to the value of the policy, it is "in connection with" the sale of the policy. *See supra* Part II.B.1.e. As such, SLUSA applies to the amended complaint and thus prevents a class action based upon state law.

To allow the plaintiff to artfully avoid SLUSA cuts against Congress's clear mandate—stop class action plaintiffs from avoiding the heightened procedural requirements of PSLRA. *See supra* Part II.B. Accordingly, the motion to remand the action to state court is denied and the amended complaint is dismissed.

It should be noted that the plaintiff is not prevented from filing an action on his own behalf or filing a class action under federal law. *See Lander,* 251 F.3d at 113 (stating that SLUSA does not preempt, among others, actions by individuals on their own behalf based upon state law and class actions under PSLRA). SLUSA only prevents the plaintiff from bringing a class action under state law alleging a scheme to charge its policyholders insurance premiums under a variable life insurance policy during "risk-free" periods. As such, the Court grants the plaintiff leave to file an amended complaint within thirty days of the date of this decision.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the complaint based upon SLUSA is **GRANTED;** and it is further

**ORDERED,** that the motion to file an amended complaint is **GRANTED,** and that the proposed amended complaint is deemed filed; and it is further

**ORDERED,** that the motion to remand the action to state court is **DENIED,** and the amended complaint is dismissed; and it is further

**ORDERED,** that the plaintiff is granted leave to file a second amended complaint alleging claims on behalf of himself and a class under federal law within thirty days of the date of this decision; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case within thirty days of the date of this decision if the plaintiff does not file an amended complaint.

**SO ORDERED.**