**Thomas R. HERNDON, Individually, and on Behalf of Others Similarly Situated, Plaintiff,**

v.

**EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.**

**No. 02 CV 73.**

United States District Court, S.D. Georgia, Savannah Division.

Aug. 30, 2002.

Inman Gregory Hodges, Oliver, Maner & Gray, Brent J. Savage, C. Dorian Britt, Savage, Turner, Pinson and Karsman, Savannah, GA, for Plaintiff.

Paul W. Painter, Jr., Ellis, Painter, Ratterree & Bart, LLP, Savannah, GA, Michael P. Winter, Richard Hays, Alston & Bird, LLP, Atlanta, GA, for Defendant.

## ORDER

EDENFIELD, District Judge.

### I. INTRODUCTION

Plaintiff Thomas R. Herndon proposes to bring a class action against The Equitable Life Assurance Society of the United States ("Equitable"),[1] for contract breach, fraud, (etc.). Doc. # 22. Equitable moves to dismiss the case for failure to state a claim. Doc. # 3. Plaintiff moves to remand to State court, contending that this Court lacks subject matter jurisdiction. Doc. # 11.

### II. BACKGROUND

In 1996, Brent J. Savage purchased from Equitable a "variable" life insurance policy[2] insuring his son. Doc. # 22 ¶¶ 12, 14; # 22 exh. A, B. On the application, Savage indicated that his son had not smoked cigarettes or used any other tobacco products in the previous 12 months. Doc. # 22 exh. A.

Savage later assigned that policy to Herndon, who filed this lawsuit in State Court (since removed to this Court). Doc. # 1 exh. A. Plaintiff alleges, *inter alia*, that Equitable deliberately mis-designated Savage's son as a tobacco user so it could wrongfully charge higher premiums and

that it routinely did this with other policies. Doc. # 22 ¶ 20; # 11 at 2.

Raising State law claims (breach of contract, fraud, etc.), plaintiff thus brought this action on behalf of himself and "perhaps thousands" of others allegedly defrauded by defendant's "mis-designation" scheme. Doc. # 22 ¶¶ 4, 21–66. Pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(c), 78bb(f) and 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Equitable removed the case to this Court and F.R.Civ.P. 12(b)(6)-moves to dismiss under SLUSA's preemption and dismissal provisions. Doc. # 2 at 1–4; # 3 at 1.

Herndon opposes and moves to remand, insisting that SLUSA is inapplicable, so this Court lacks subject matter jurisdiction. Doc. ## 10, 11 at 2. He also has since amended his Complaint, precipitating defendant's renewed dismissal motion. Doc. ## 22, 25 at 2.

### III. ANALYSIS

#### A. Securities Litigation Uniform Standards Act

 Absent diversity jurisdiction,[3] federal courts require federal-question jurisdiction to hear a case. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The "well-pleaded complaint rule" governs the presence or absence of federal-question jurisdiction. *Id.* Consistent with this rule, a case generally cannot be removed to federal court on the basis of a federal defense alone, including the defense of preemption. *Id.* at 392–93, 107 S.Ct. 2425.

---

1. Defendant used to be named Equitable Variable Life Insurance, but later changed its name to the Equitable Life Assurance Society of the United States. Doc. # 1 at 1. The Court has amended the above caption accordingly, and all subsequent filings shall conform.

2. That is, it is part insurance policy and part investment vehicle. *See* doc. # 22 exh. B.

3. While complete diversity may exist between the parties, the Complaint alleges damages less than $75,000, doc. # 22 ¶ 20, and thus does not satisfy 28 U.S.C. § 1332(a).

However, the "complete preemption" doctrine is an exception. *Id.* "On occasion ... the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). SLUSA is one such "complete preemption power" statute.

With the adoption of SLUSA and other related statutes, Congress intended to provide national, uniform standards in the securities markets. It passed SLUSA to close a loophole in the Private Securities Litigation Reform Act of 1995 (PSLRA). *Lander v. Hartford Life & Annuity Ins. Co.,* 251 F.3d 101, 107–08 (2d Cir.2001). PSLRA was supposed to prevent meritless class actions alleging securities fraud by imposing, *inter alia,* heightened pleading requirements in such cases. *Id.*

Resourceful class action plaintiffs began avoiding those heightened requirements, however, by filing claims in State court under less demanding State law bases. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1341 (11th Cir.2002). To prevent that from eviscerating PSLRA, SLUSA mandates that federal courts serve as "the exclusive venue for class actions alleging fraud in the sale of 'covered securities.'" Congress accomplished this by providing for removal of state actions to federal court and requiring the immediate dismissal of 'covered lawsuits.'" *Id.*

To that end, SLUSA amended 15 U.S.C. § 77v(a) to preempt class actions (based on State statutory or common law) involving a "covered security." *See Lasley v. New England Variable Life Ins. Co.,* 126 F.Supp.2d 1236, 1238 (N.D.Cal.1999) (citing Pub.L. 105–353, 112 Stat. 3227). SLUSA authorizes removal of State court actions for covered securities, 15 U.S.C. §§ 77p(c), 78bb(f)(2), and authorizes district courts to dismiss those actions outright, *regardless of the truthfulness of the allegations contained therein:*

(b) Class action limitations

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b); *see also* 15 U.S.C. § 78 bb(f)(1) (same).

A lot therefore turns on just what is a "covered security." SLUSA provides that a covered security "is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. § 77r(b)(2). SLUSA further requires that the security satisfy this standard "at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred...." 15 U.S.C. § 77p(f)(3); *see also* 15 U.S.C. § 78bb(f)(5)(E).

Equitable, then, wants this Court to deem the subject policy a "covered security" so it can slide Herndon's case onto the SLUSA chopping block. It therefore must show that: (1) this is a "covered class action"; (2) Herndon's claims are based on State law; (3) one or more "covered securities" have been purchased or sold; and (4) the defendant misrepresented or omitted a material fact "in connection with the purchase or sale of such security." *Riley,*

292 F.3d at 1342; *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir.2002).

Herndon does not dispute that his Complaint qualifies as a "covered class action."[4] Nor is there any dispute over whether his Complaint is based on State law, or whether he alleges that Equitable omitted or misrepresented material facts. *See, e.g.,* doc. # 22 ¶¶ 21–62.

Rather, the parties disagree on whether the variable life insurance policy at issue is a "covered security," doc. # 10 at 2, and whether the alleged misrepresentations were made "*in connection with* the purchase or sale of a covered security." Doc. # 21 at 3 (emphasis added). Again, if the alleged misrepresentation concerning the premium charged for the variable life insurance qualifies as a misrepresentation or omission of material fact *in connection with* the purchase or sale of a SLUSA "covered security," this Court will have subject matter jurisdiction over this case and must dismiss it under 15 U.S.C. §§ 77p(b), 78 bb(f)(1).

Courts that have considered the issue have concluded that variable insurance policies qualify as SLUSA "covered securities." *Araujo v. John Hancock Life Ins. Co.*, 206 F.Supp.2d 377, 381–82 (E.D.N.Y. 2002) (a variable universal life insurance policy was a "covered security" "because it invests in mutual funds which are regulated by the SEC" and "the plaintiff invested his premiums in a sub-account which is registered with the SEC under the Investment Company Act of 1940"); *In re Lutheran Brotherhood Variable Ins. Prods.*

*Co. Sales Practices Litig.*, 105 F.Supp.2d 1037, 1040 (D.Minn.2000) ("[t]he definition of 'covered securities' clearly includes the variable products sold by [defendant]. The discussion of variable insurance policies in [National Securities Markets Improvement Act of 1996] demonstrates that Congress viewed variable insurance products as part of, or related to, the problem it wished to correct"); *Lasley*, 126 F.Supp.2d at 1239 (variable life insurance policies sold by registered investment company are "covered securities"); *see also Dudek v. Prudential Securities, Inc.*, 295 F.3d 875, 878 (8th Cir.2002) (following other courts that have found variable annuities to be covered securities); *Patenaude v. Equitable Life Assurance Soc'y*, 290 F.3d 1020, 1024 (9th Cir.2002) (variable annuities are covered by SLUSA); *Lander*, 251 F.3d at 109 (variable annuities are "covered securities" under SLUSA because they are "securities" and the sub-accounts are registered with the SEC under the Investment Company Act).

Plaintiff points to no contrary authority to support his position; he merely points out that this is a first-impression issue in this circuit. Doc. # 11 at 3. This Court finds the consensus of decisions persuasive and joins them in concluding that the variable life insurance policy at issue here is a covered security under SLUSA.

Plaintiff nevertheless argues that the Court should remand this case because the alleged fraud and misrepresentation were not "*in connection with* the purchase or

---

**4.** SLUSA defines "covered class action" in pertinent part as

any single lawsuit in which ... damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any ques-

tions affecting only individual persons or members....

15 U.S.C. § 77p(f)(2)(A)(i); *see also* 15 U.S.C. § 78 bb(f)(5)(B)(i) (same). Plaintiff's Complaint states that the action is brought on behalf of a prospective class of perhaps "thousands of other individuals similarly situated," doc. # 22 ¶ 4, and that "[t]here are in this action questions of law and fact common to each class claimant...." *Id.* at ¶ 7.

sale of a covered security." Doc. # 21 at 2–3 (citing *Spielman v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2001 WL 1182927 (S.D.N.Y. Oct. 10, 2001) (unpublished)).

The *Spielman* court concluded that misrepresentations regarding the fees charged account holders to purchase securities did not satisfy SLUSA's "in connection with" requirement because the misrepresentation did not concern "the value of the securities ... sold or the consideration ... received in return." *Spielman*, 2001 WL 1182927 at * 3–5 (quoting *Saxe v. E.F. Hutton & Co., Inc.*, 789 F.2d 105, 108 (2d Cir.1986)). The court reasoned that

> [w]hile the transaction fees charged by Merrill Lynch affect the cost of trading, this cost is part of Merrill Lynch's bargain with its accountholders and is not sufficiently connected to the underlying securities to meet the requirement that the misrepresentation about those fees be "in connection with" the purchase or sale of covered securities.

*Id.* at *5. Here, in contrast, plaintiff alleges that Equitable erroneously and fraudulently charged him inflated premiums for his policy, thus tying the alleged fraud, etc., directly to the cost and value of the insurance policy (hence, the consideration exchanged).

That distinguishes this case from *Spielman*, while placing it closer to *Araujo*, 206 F.Supp.2d at 377, which involved a variable universal life insurance policy and an alleged scheme to charge premiums for a period of time during which no coverage was provided. *Id.* at 379. There the court found that the policy, which allowed holders to invest in a choice of mutual funds, was a "covered security" and that the alleged fraud occurred "in connection with" the security. *Id.* at 383 ("[T]he alleged

scheme ... goes to the value of the variable life insurance policy. In essence, the complaint alleges that the policyholders did not get what they thought they were getting, namely a full year of coverage").

Similarly, Herndon's Complaint alleges that he was wrongly made to pay more than he thought he was being charged for the policy. Doc. # 22 ¶ 4. In both cases, the alleged fraud occurred in connection with the security-based instrument.

## B. "Reallocation"

■ Seeking to avoid the SLUSA blade, plaintiff argues that his recent reallocation of premium payments to a money market division alters the nature of the insurance policy.[5] This, he contends, renders the question whether this investment instrument is a covered security one of first impression nationwide, not just in the Eleventh Circuit. Doc. # 10 at 3–4; # 11 at 3–4.

Herndon's argument must be rejected on two grounds. First, the issue has been addressed beyond the Eleventh Circuit. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 999–1000 (C.D.Cal.2002) (money market mutual funds are "covered securities," so removal was proper under 15 U.S.C. § 77p(c)).

Second, his reallocation is simply not relevant because the Court is limited to reviewing allegations concerning "the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred...." 15 U.S.C. § 77p(f)(3). Here plaintiff is referring to *post-Complaint* transfers. *See* doc. # 12 at 7.

---

**5.** As mentioned *supra,* this policy is part insurance and part investment vehicle. Savage, for example, allocated his investment contributions under the policy to three stock categories. *See* doc. # 22 exh. A.

Finally, plaintiff argues that SLUSA doesn't apply to mere contract-breach claims, relying on *Green* for support. Doc. # 26 at 2; 6/25/02 C.D. Britt Ltr. *Green* did not involve the sale or purchase of any securities; rather, there the plaintiff merely subscribed to an online stock quote service for information that defendant allegedly failed to provide. *Green*, 279 F.3d at 598–99.

Here, in contrast, the plaintiff's claims arise unmistakably from alleged fraud and misrepresentation in connection with the *sale* and *purchase* of a security. *See, e.g.,* doc. # 22 ¶ 4 (alleging that Savage "unknowingly overpaid Defendant Equitable premiums for life insurance as a result of . . . erroneous designation of the insured"); # 22 ¶ 5(e) (alleging that Savage "paid inflated premiums"); # 22 ¶ 23 (alleging charge of "erroneous and greatly inflated insurance premiums"); # 22 ¶ 26 (alleging payment of "higher premiums to Equitable than were actually owed"); # 22 ¶ 34 (alleging damage for "overpaying for insurance policy").

Thus, plaintiff's contract-breach claim is in connection with the sale and purchase of a security because he is alleging misrepresentation over the terms of the transaction itself. *See Araujo,* 206 F.Supp.2d at 384–85 (the insured's inclusion of only contract breach and unjust enrichment claims against an insurer did not preclude SLUSA removal and dismissal because the crux of the complaint was "misrepresentation of material fact" concerning "the value of policies"); *Prager,* 124 F.Supp.2d at 235 ("SLUSA-slicing" breach of contract claim).

## IV. CONCLUSION

Under 15 U.S.C. §§ 77p(c), 78bb(f)(2), this Court has subject matter jurisdiction, so pursuant to 15 U.S.C. §§ 77p(b), 78bb(f)(1), defendant's motion to dismiss (doc # 3) is *GRANTED.* Plaintiff's motion to remand the case (doc. # 11) is *DENIED.* Plaintiff's Complaint is *DISMISSED WITH PREJUDICE.* All future filings shall conform to the amended caption. *See supra* note 1.