[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2003
THOMAS K. KAHN
CLERK

No. 02-15358
Non-Argument Calendar

D. C. Docket No. 02-00073-CV-4

THOMAS R. HERNDON,
Individually, and on behalf of others similarly situated,

Plaintiff-Appellant,

versus

EQUITABLE VARIABLE LIFE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 28, 2003)**

Before TJOFLAT, BIRCH and RONEY Circuit Judges.

PER CURIAM:

The issue on this appeal is whether a variable life insurance policy is a "covered security" under the Securities Litigation Uniform Standards Act of 1998

("SLUSA"), 15 U.S.C. §§ 77p(c), 78bb(f) and 28 U.S.C. §§ 1331, 1367, 1441, and 1446, a question of first impression in this Circuit. Plaintiff Thomas R. Herndon filed in state court an eleven-count class action complaint against Equitable Variable Life Insurance Company ("Equitable"), alleging various Georgia state law claims arising from the sale of a variable life insurance policy. Upon removal to federal court by Equitable, the district court held that the policy was a "covered security" and dismissed with prejudice on the ground that SLUSA (1) makes federal courts the exclusive venue for class actions alleging state law claims in connection with the sale of "covered securities," (2) provides for removal of such state class actions to federal court, and (3) requires federal courts to dismiss such lawsuits. Herndon appeals. Neither party requested oral argument, and we agree that oral argument would not be useful in the decisional process.

We hold that the district court correctly held that a variable life insurance policy is a "covered security" under SLUSA and that the state law claims were "in connection with the purchase or sale" thereof. We therefore AFFIRM the dismissal of the removed complaint, with prejudice, there being no question that it met the statutory requirements for dismissal.

In 1996, Brent J. Savage purchased from Equitable a variable life insurance policy insuring his fifteen year old son. On the application, Savage indicated that his

2

son had neither smoked nor used any other tobacco products for the previous twelve months. Savage later assigned that policy to the plaintiff, Thomas R. Herndon, who then, through Savage's law firm, filed a class action lawsuit in Georgia state court.

Although we do not address the merits of Herndon's claim, the lawsuit alleged that Equitable deliberately mis-designated Savage's son, as well as a putative class of other insureds, as a tobacco user so that it could charge higher premiums. Equitable answered that the policy's Prospectus clearly disclosed that the premiums for insureds under the age of twenty, such as Savage's son, were set *without* reference to whether the insured used tobacco. As such, Equitable argued, there was never a misrepresentation.

Congress passed SLUSA with the intent to make federal court the exclusive venue for class actions alleging state fraud claims in the sale of "covered securities." Congress accomplished this goal by providing for the removal of state class action lawsuits to federal court, and requiring federal courts to dismiss those lawsuits that meet certain statutory requirements. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1341 (11th Cir. 2002). The *Riley* opinion summarized SLUSA's requirements:

> Under SLUSA, the removing party must show that (1) the suit is a "covered class action," (2) the plaintiffs' claims are based on state law, (3) one or more "covered securities"

3

has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact "*in connection with the purchase or sale of such security.*"

*Id.* at 1342. Once the factors have been shown by the removing party, the case requires immediate dismissal.

Herndon concedes this is a "covered class action" based on state law claims but argues that (1) a variable life insurance policy is not a "covered security" under SLUSA, and (2) the misrepresentations and omissions in dispute were not made "in connection with the purchase or sale of such a security." Herndon also argues that the district court improperly dismissed his case in its entirety rather than dismissing only the class action components.

**(1)  A variable life insurance policy is a "covered security" under SLUSA.**

SLUSA defines a "covered security" as "a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. § 77r(b)(2). The Supreme Court has held that a "variable annuity" is a "security" that is required to be registered with the Securities and Exchange Commission ("SEC") under the Securities Act of 1933, codified at 15 U.S.C. § 77a. *See Securities & Exch. Comm'n v. Variable Annuity Life Ins. Co. of Am.*, 359 U.S. 65, 69-73 (1959). The Supreme Court has not yet decided whether a variable life insurance policy is a "covered security" under SLUSA.

4

The question here is whether a variable *life insurance* policy is a "covered security" under SLUSA, an issue not previously decided by this Court but eloquently answered in the affirmative by the district court. *See Herndon v. Equitable Life Assurance Soc'y*, ___ F. Supp.2d ___ (S.D. Ga. 2002). Other district courts are in accord with the district court's decision. *See Araujo v. John Hancock Life Ins. Co.*, 206 F. Supp.2d 377, 382 (E.D. N.Y. 2002); *In re Lutheran Bhd. Variable Ins. Prod. Co. Sales*, 105 F. Supp.2d 1037, 1040 (D. Minn. 2000); *Lasley v. New England Variable Life Ins. Co.*, 126 F. Supp.2d 1236, 1239 (N.D. Cal. 1999).

Several circuits have tangentially decided the issue, holding that variable annuities, without the life insurance component presented in this case, are covered securities under SLUSA. *See Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 878 (8th Cir. 2002); *Patenaude v. Equitable Life Assurance Soc'y*, 290 F.3d 1020, 1024 (9th Cir. 2002); *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101 (2d Cir. 2001). In *Lander,* for example*,* the Second Circuit held that variable annuities, by themselves, are "covered securities" under SLUSA because they are "securities" and their sub-accounts are registered with the SEC under the Investment Company Act. *Id.* at 109. The key distinction, as argued by Appellant, is that this case, unlike *Lander* and the cases from our other sister circuits, involves a variable annuity *with*

*a life insurance component.* We find that distinction to be inconsequential to an analysis of SLUSA's definition of "covered security." *See* 15 U.S.C. § 77r(b)(2).

Both *Lander* and this case involve insurance companies who issued a variable annuity which was both required to be and was actually registered with the SEC. Both the *Lander* defendant and Equitable were also required to and did register the respective plaintiffs' individual annuity accounts with the SEC pursuant to the Investment Company Act of 1940. The fact that a variable life insurance policy account adds a life insurance component to the investment does not negate the fact that the statutory requirements of SLUSA have been met with regard to the annuity component of the insurance policy. As such, a variable life insurance policy is a "covered security" under SLUSA.

Herndon's *post*-complaint reallocation of Savage's premium payments to a money market account is irrelevant. First, this Court is limited to reviewing allegations concerning "the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred . . .." 15 U.S.C. § 77p(f)(3). Second, in any event, at least one court has held money market mutual funds to be covered securities under SLUSA. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1000 (C.D. Cal. 2002). We need not decide that issue.

6

**(2)** **The misrepresentations and omissions in dispute were made "in connection with" the purchase of such a security**.

Herndon argues that the district court erred by determining that the alleged misrepresentations and omissions in dispute were not made "in connection with" the purchase or the sale of the variable life insurance policy to Savage. He argues that the misrepresentations were made with respect to the sale of the type of insurance policy (*i.e.*, a policy for a non-smoker) and were "tangential" to the variable life insurance contract. This Court has recently dismissed a similar argument on SLUSA grounds, and we need not readdress it in this case. *See Behlen v. Merrill Lynch*, 311 F.3d 1087, 1094 (11th Cir. 2002) (rejecting argument that a broker's increased fees and commissions to an investor otherwise eligible for lower fees and commissions were incidental to and not made "in connection with" the purchase or sale of securities).

**(3)** **The district court properly dismissed the case in its entirety rather than dismissing only the class action components**.

According to the record on appeal, Herndon made no argument in the district court that it improperly dismissed the complaint in its "entirety." This could foreclose the issue. *See Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 n.1 (11th Cir. 2000). In any event, Equitable properly points out that the amended complaint alleges *only* a class action, and does not allege an individual claim.

7

The district court's grant of Equitable's motion to dismiss based on SLUSA's preemption of the Georgia state law claims was proper.

AFFIRMED.