Haddon ZIA, individually and on behalf of all others similarly situated, Plaintiff,

v.

MEDICAL STAFFING NETWORK, INC., et al., Defendants.

No. 04–80158–CIV.

United States District Court, S.D. Florida.

Sept. 16, 2004.

Maya Susan Saxena, Milberg Weiss Bershad & Schulman, Boca Raton, FL, for Joseph Marrari, Patricia Marrari, plaintiffs.

Jack Reise, Lerach Coughlin Stoia Geller, Rudman & Robbins, Boca Raton, FL, Jonathan H. Stein, Securities & Exchange Commission, Chicago, IL, Marc A. Topaz, Schiffrin & Barroway, Bala Cynwyd., PA, Paul Jeffrey Geller, Scott L. Adkins, Lerach Coughlin Stoia Geller, Rudman & Robbins, Boca Raton, FL, Samuel H. Rudman, Cauley Geller Bowman & Rudman, Melville, NY, Kenneth J. Vianale, Julie Prag Vianale, Vianale & Vianale, Boca Raton, FL, Curtis R. Cowan, Adam Jay Hodkin, Gelch Taylor Hodkin et al, Fort Lauderdale, FL, for Thomas C. Greene, Jerome Gould, Tommie L. Williams, Haddon Zia, consolidated plaintiffs.

Stanley Howard Wakshlag, Brian Paul Miller, Eric Andrew Greenwald, Akerman Senterfitt, Miami, FL, Tariq Mundiya, Sharon M. Blaskey, Stephen W. Greiner, Willkie Farr & Gallagher, New York, NY, for Medical Staffing Network Holdings, Inc., Joel Ackerman, David J. Wenstrup, Scott F. Hilinski, Robert J. Adamson, Kevin S. Little, defendants.

### FINAL ORDER GRANTING MOTION TO REMAND

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Plaintiff Haddon Zia's Motion to Remand [DE 7 in 04–80414 CIV], Defendants' Response [DE 9 in 04–80414 CIV], and Plaintiff's Reply [DE 12 in 04–80414 CIV]. The Court has carefully considered the motion, response, reply, and Defendants' Memorandum of Law Addressing Question Raised by Court at September 10, 2004 Oral Argument [DE 28], as well as the arguments presented at a hearing held before the undersigned on September 10, 2004, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Haddon Zia originally filed this action in the Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida, seeking to recover damages on behalf of all persons who purchased Medical Staffing Network Holdings, Inc.'s [hereinafter "MSN"] equity securities sold during MSN's Initial Public Offering on April 17, 2002. In connection with this IPO, a Registration Statement and Prospectus was filed by MSN with the United States Securities and Exchange Commission. Each individual defendant acting as either an officer or director of MSN signed that filing. MSN's Registration Statement and Prospectus described a successful "de novo" program, and indicated that the program was producing high growth and significant returns. *Plaintiff's Complaint* ¶¶ 17–20. However, Plaintiff alleges that these statements of financial success where false and misleading, since at that time the "de novo" program no longer was producing, nor was it projected to produce, the growth and returns claimed in the Registration Statement and Prospectus. *Plaintiff's Complaint* ¶ 21. As such, the Plaintiff alleges that the Defendants violated the Securities Act of 1933 by making false and misleading statements in the Registration Statement in violation of 15 U.S.C. § 77k; by making false and misleading statements in the Prospectus in

violation of 15 U.S.C. § 77*l*(a)(2); and that each individual Defendant, as a "control person," is jointly and severally liable for the substantive violations of those individuals or entities over which he had control under 15 U.S.C. § 77*o*.

The Defendants removed this action to the United States District Court for the Southern District of Florida, Palm Beach Division. Soon after removal the Defendants requested that Plaintiff Haddon Zia's case be consolidated with three other similar putative class actions before this Court.[1] On July 1, 2004, this Court ordered consolidation, and lead counsel was appointed. Plaintiff Haddon Zia now contends that the action is not removable under the Securities Litigation Uniform Standards Act of 1998. *See Securities Litigation Uniform Standards Act of 1998*, Pub.L. 105–353, 112 Stat. 3227 (1998) (codified in scattered section of 15 U.S.C.) [hereinafter "SLUSA"].

## II. DISCUSSION

Plaintiff Haddon Zia posits that a securities class action asserting only federal claims under the Securities Act of 1933 is not removable under SLUSA. This argument is based upon the plain language of 15 U.S.C. § 77p(c), which according to the Plaintiff allows for removal only of class actions based on state law. Defendants counter that the Plaintiff's interpretation of the Act is inconsistent with the legislative history of the SLUSA amendment to the Securities Act. According to the Defendants, the legislative history of the SLUSA amendment indicates that Congress' inten-

tion in passing SLUSA was to allow all securities class actions-including those actions based solely on federal law-to be removed to federal court. In removal actions the party that removes the claim to federal court bears the burden of demonstrating the existence of federal removal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir.2002). Additionally, federal courts are required to strictly construe removal statutes, since Congress' intent in enacting removal legislation is to "restrict the jurisdiction of federal courts on removal." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1921). Consequently, in this matter the Defendants bear the burden of providing sufficient support in favor of removal.

Under the Securities Act of 1933 Congress created a means for registering offerings of publicly traded stock, and established a private right of action for stock purchasers against stock issuers who failed to comply with the statutes' requirements. *See Securities Act of 1933*, 48 Stat. 74 (1933) (codified as amended at 15 U.S.C. § 77a *et. seq.*). In 1995, after finding that federal securities laws were being abused through improperly brought "strike suits,"[2] Congress passed the Private Securities Litigation Reform Act. *See Private Securities Litigation Reform Act of 1995*, Pub.L. 104–67, 109 Stat. 737 (1995) (codified in part at 15 U.S.C. §§ 77z-l, 78u) [hereinafter "PLSRA"]. "The PLSRA set

---

1. The other putative class actions at the time of the consolidation request are as follows: *Marrari v. Medical Network Holdings, Inc., et al.* (Case No. 04–CV–80158 Dimitrouleas/Torres), *Gould v. Medical Network Holdings, Inc., et al.* (Case No. 04–CV–80200 Dimitrouleas/Torres), *Williams v. Medical Network Holdings, Inc. et al.* (Case No. 04–CV–80359 Hurley/Hopkins).

2. Strike suits are "securities class actions that [have] no merit, but that [are] improperly brought for the purpose of forcing securities defendants into large settlements in order to avoid costly discovery." *Riley*, 292 F.3d at 1341n. 11 (citing H.R. Conf. Rep. No. 105–803 (1998)).

heightened pleading requirements for class actions alleging fraud in the sale of national securities, *see* 15 U.S.C. 78u–4, and also provided for a mandatory stay of discovery, to determine the legal sufficiency of claims brought in securities class actions, *see* 15 U.S.C. 77z-l(b)." *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1340–41 (11th Cir.2002). The purpose of the PLSRA was to allow securities defendants the ability to obtain early dismissal of frivolous actions. *Id.* at 1341. However, Congress soon realized that this purpose of the PSLRA was being frustrated by plaintiffs who brought their actions in state court, which operate beyond the scope of the PSLRA. *Id.* Therefore, in 1998, Congress passed the SLUSA to close this loophole in the PSLRA. *Id.*

Prior to SLUSA, the Securities Act provided for concurrent jurisdiction in state and federal courts for private actions, as well as prohibited removal of actions filed in state court. The SLUSA amended, in part, section 77(v)(a) of the Securities Act to read as follows, *"[e]xcept as provided in section 77p(c) of this title,* no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (amendment in italics). Section 77p(c) allows for removal of "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b) . . . ." 15 U.S.C. § 77p(c). And subsection (b) of section 77p provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging-(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contri-

> vance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

Plaintiff Haddon Zia contends that the SLUSA amendment to 15 U.S.C. § 77p(c) should be read as allowing only securities class actions based upon state law to be removable to federal court. The Plaintiff's understanding is based upon the phrase "as set forth in subsection (b)" in 15 U.S.C. § 77p(c), and is supported by recent Eleventh Circuit decisions. In *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* the Eleventh Circuit addressed the affect of the SLUSA removal language, and set forth a SLUSA removal standard. *Riley,* 292 F.3d at 1340–43. The *Riley* Court held,

> [I]n order to remove an action to federal court under SLUSA, the removing party must show that (1) the suit is a "covered class action," (2) the plaintiff's claims are based on state law, (3) one or more "covered securities" has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact "in connection with the purchase or sale of such security."

*Id.* at 1342.

Subsequently, the Eleventh Circuit reaffirmed the *Riley* SLUSA removal standard in *Herndon v. Equitable Variable Life Ins. Co.,* 325 F.3d 1252, 1253 (11th Cir.2003).

Applying the *Riley* SLUSA removal standard to Plaintiff Haddon Zia's action this Court finds that the plaintiff's case should be remanded. Each prong of the *Riley* standard must be meet in order to uphold a removal under the SLUSA. Here, Plaintiff Haddon Zia's action meets prongs one, three and four of the removal standard, but fails to meet the second prong. There is no dispute that Haddon Zia's action is a covered class action, which asserts that more than one covered securi-

ty of MSN was purchased or sold. Furthermore, Plaintiff Haddon Zia's claim is grounded firmly in an allegation that the Defendants misrepresented or omitted material facts about the "de novo" program in MSN's Registration Statement and Prospectus. However, the second prong of the *Riley* standard is not meet by this action. Plaintiff Haddon Zia's claims are based solely on violations of sections 11, 12(a)(2) and 15 of the 1933 Securities Act (codified at 15 U.S.C. §§ 77k, 77*l*(a)(2), & 77*o*), which is a federal statute. In order for removal to be appropriate under the *Riley* standard, the plaintiff's claims must be based in state law. As such, Plaintiff Haddon Zia's action being based solely upon federal law fails to meet this standard for removal.

In an effort to rebut the above precedent supporting remand, Defendants argue that removal is proper in this matter based on the SLUSA legislative history, and the holdings of three district courts and one appellate court that support the removal of Securities Act class actions filed in state court. *See California Pub. Emples. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 90, 97 (2nd Cir.2004); *In re King Pharmaceuticals, Inc.*, No. 2:03–CV–77 (E.D. Tenn. filed Feb. 6, 2004); *Alkow v. TXU Corp.*, Nos. 3:02–CV–2738–K, 3:02–CV–2739–K, 2003 WL 21056750 (N.D.Tex. May 8, 2003); *Brody v. Homestore, Inc.*, 240 F.Supp.2d 1122, 1124 (C.D.Cal.2003). Additionally, the Defendants ask this Court to stay its decision on Plaintiff Haddon Zia's Motion to Remand until the Eleventh Circuit rules on a similar case currently before that Court. *See ATC Enter., Inc. v. Williams*, Nos. 03–90055–1, 04–10104–H (oral arguments set for September 22, 2004 before 11th Cir.). However, in light of the Eleventh Circuit's pronouncements in *Riley* and *Herndon,* this Court must apply the standard currently established for SLUSA removals in this jurisdiction. As such, Defendants fail to

provide sufficient factual or legal support for removal under the current standard, and thus fail to meet their burden for removal. The Court exercises discretion in denying a request for a stay. Finally, in this close legal question, the Court will exercise discretion and deny costs and attorney's fees.

## III. CONCLUSION

The Court finds that the Defendants have failed to prove all of the requirements necessary for removal in this matter. In finding such, the Court is guided by the legal standard for removal established by the Eleventh Circuit in *Riley.* Therefore, the Court remands Plaintiff Haddon Zia's action to the Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Haddon Zia's Motion for Remand [DE 7 in 04–80414CIV] is hereby **GRANTED in part;**

2. Plaintiff Haddon Zia's action is hereby **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Florida. The clerk shall transfer this case back to the Fifteenth Judicial Circuit for Palm Beach County, Florida.

3. Plaintiff Haddon Zia's request for an award of costs and attorney's fees associated with the removal of this action is hereby **DENIED.**

4. The clerk shall close Case No. 04–80414–CIV–DIMITROULEAS and deny any pending motions as moot, and shall keep Case No. 04–80158–CIV–DIMITROULEAS and any pending motions open.